AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of Oklahoma

FILED
AUG 17 2017
Mark C. McCartt, Clerk
U.S. DISTRICT COURT

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| KODY BILL CLARK, | ) | Case No. 17-MJ-133-PJC |
| DANIEL WAYNE STRUNK, | ) | |
| STEPHANIE RENEE TYSON | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ in the county of __Tulsa__ in the Northern District of Oklahoma, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii), and 18 U.S.C. § 2(a) | Possess with Intent to Distribute Methamphetamine Aiding and Abetting |

This criminal complaint is based on these facts:
See Attached Affidavit by Whitney Woodruff

☑ Continued on the attached sheet.

_____
Complainant's signature

Whitney Woodruff, BIA - Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 8/17/2017

_____
Judge's signature

City and state: Tulsa, OK

Paul J. Cleary, Magistrate Judge
*Printed name and title*

## **AFFIDAVIT**

I, Whitney Woodruff, a Task Force Agent with the Bureau of Indian Affairs "BIA", being duly sworn, states:

1. As a Task Force Agent, I am an investigative law enforcement officer of the United States of America within the meaning of Title 21, United States Code, Section 878, that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Title 21, United States Code, Section 878. I have specific training and experience in numerous methods of investigation, including but not limited to electronic and visual surveillance, general questioning of witnesses, the use of search warrants, the use of confidential sources/informants, the use of pen registers, and the use of undercover agents. I am familiar with the ways that drug traffickers conduct their business because of my training and experience relating to the investigation of drug traffickers and based upon my interviews with other officers, defendants, informants, and other witnesses and participants in drug trafficking activity. My familiarity includes the various means and methods by which drug traffickers import and distribute drugs, their use of cellular telephones, their use of vehicles, and their use of numerical codes and code words to conduct drug transactions. I am also familiar with the ways that drug traffickers conceal, convert, transmit, and transport their drug proceeds, including but not limited to the use of couriers and vehicles to transport currency and proceeds, and the use of third parties to purchase or hold title to assets.

2. The information set forth in this Affidavit is known to me both through my own investigation and from other information provided to me by other sworn law enforcement personnel. Because this Affidavit is being submitted for the limited purpose of securing a Complaint and Arrest Warrants, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary for the issuance of a Complaint and Arrest Warrant for Kody Bill Clark, born XX/XX/1983, Social Security Account Number XXX-XX-0988; Daniel Wayne Strunk, born XX/XX/1973, Social Security Account Number XXX-XX-7588, and Stephanie Renee Tyson, born XX/XX/1986, Social Security Account Number XXX-XX-0189, for violations of Title 21 United States Code, Sections 841(a)(1) and 841(b)(1)(B)(viii), and Title 18 United States Code, Section 2(a):  Possess with Intent to Distribute Methamphetamine, Aiding and Abetting.

3. Pursuant to an ongoing Organized Crime and Drug Enforcement Task Force (OCDETF) investigation, members of the Bureau of Indian Affairs, Drug Enforcement Administration, and the Bureau of Alcohol, Tobacco, Firearms, and Explosives began an investigation involving Daniel STRUNK and members of the INDIAN BROTHERHOOD gang in the State of Oklahoma in February 2017. The following probable cause statement is established to develop probable cause for the arrest of Kody CLARK, Daniel STRUNK, and Stephanie TYSON, and it may not contain all the facts known to the Affiant and law enforcement.

4. On June 13, 2017, District Court Judge Claire Eagan, Northern District of Oklahoma, signed an order authorizing a Title III intercept for Telephone number 405-420-3537 (Target Telephone) being utilized by STRUNK (Case Number 17-MC-09-CVE).

5. On June 15, 2017, DEA-Tulsa attended a minimization meeting and the order was forwarded to AT&T and the DEA began receiving voice/data on the Target Telephone.

6. On July 9, 2017, at approximately 12:00 a.m., reference call 4778, STRUNK received an incoming telephone call on the Target Telephone from 918-367-7837 (unknown subscriber, but utilized by Stephanie TYSON). TYSON stated that "Salista wants the same thing" and "have things under control and go". Your affiant believes that STRUNK and TYSON are discussing a possible methamphetamine transaction with Salista SIMON and that TYSON has things under control at the residence indicating that she has the methamphetamine distribution in order.

7. On July 11, 2017, at approximately 10:45 a.m., reference call session 5331, STRUNK placed an outgoing call on the Target Telephone to 918-367-7837 (unknown subscriber, but utilized by Stephanie TYSON). After greetings, STRUNK told TYSON that Salista SIMON wants "whatever is left in there". TYSON acknowledged and asked where the methamphetamine was located at. STRUNK stated "it might be in the pocket of that coat and if not it will be in the second drawer in the other room". Your affiant believes that STRUNK is directing TYSON to a location in the residence where the methamphetamine is concealed and then TYSON is directed to deliver the methamphetamine to SIMON.

8. On July 11, 2017, at approximately 8:51 p.m., STRUNK called Kody CLARK from the Target Telephone to 405-683-9370 (utilized by CLARK). After greetings, STRUNK stated "Oh (laughs) no, I was talking to dude when I was fixing that ball (U/I)". Both parties agreed that STRUNK was going to travel to see CLARK at his residence in Mulhall, Oklahoma.

9. On July 11, 2017, at approximately 10:30 p.m., agents observed STRUNK's vehicle, a 2011 Mitsubishi Gallant bearing Oklahoma license plate CIZ-643, registered to CLARK in Pawnee, Oklahoma, leave STRUNK's residence located at 2445 E. 54th St., Tulsa, Oklahoma.

10. On July 11, 2017, pursuant to a federal court order issued in the Northern District of Oklahoma, Affiant placed a GPS on the Mitsubishi sedan that was driven by TYSON and STRUNK. To Affiant's knowledge, STRUNK never located the GPS.

11. Agents then traveled to Mulhall, Oklahoma, and got into position to observe STRUNK arrive at CLARK's residence located at 315 Baty Avenue, Mulhall, Oklahoma. At approximately 12:20 a.m., Affiant observed STRUNK's white Mitsubishi Gallant arrive at CLARK's residence. STRUNK had previously sent a text that read "30 min" at 11:45 p.m. CLARK replied via text that read "Ok I'm here bro".

12. At approximately 12:41 a.m., Affiant observed STRUNK leave CLARK's residence and drive back towards Tulsa. Affiant followed STRUNK at a distance on the way back. Affiant contacted Oklahoma Highway Patrol Troopers Aaron Lockney and Steve Hamilton and advised the Troopers of the direction of travel of STRUNK, as well as the fact that Affiant believed that STRUNK had purchased methamphetamine from CLARK.

13. At approximately 2:35 a.m., Trooper Lockney observed STRUNK in the Mitsubishi commit a lane violation near US 64 and 193rd W. Ave, near Sand Springs, Tulsa County, Oklahoma, and within the Northern District of Oklahoma. Troopers identified the driver

as Stephanie TYSON and the front passenger as STRUNK. Trooper Lockney explained the reason for the stop and then asked TYSON to return to his marked patrol unit to complete the traffic citation. TYSON stated that she was trying to pull down her dress and that is why she couldn't maintain her lane of travel. While waiting on record checks, Trooper Lockney deployed his canine Marko for a non-intrusive canine inspection of the Mitsubishi. Marko gave a positive alert for the presence of narcotics on the Mitsubishi. Both STRUNK and TYSON stated that there was a marijuana pipe in the Mitsubishi. Trooper Lockney located a bag of alleged methamphetamine hidden underneath the dashboard of the Mitsubishi. The total weight of the methamphetamine with packaging was 175.9 grams. A field test was positive for methamphetamine. Based upon the ongoing investigation and Title III intercept, Troopers released both STRUNK and TYSON.

14. At approximately 3:19 a.m., Affiant was notified by Trooper Lockney that the stop had concluded and methamphetamine was seized. STRUNK and Stephanie TYSON were released from the stop and allowed to drive home.

15. At approximately 3:19 a.m., Affiant was also notified by the wire room that STRUNK was on the Target Telephone with CLARK. The following is a synopsis of the call session 5559 between STRUNK and CLARK. STRUNK stated "Bro' they fucking busted that shit. But they said they didn't have any fucking drug test, no drug fucking kits and they fucking let us go. They busted all that shit bro'. They tore the fucking car up". CLARK stated "What the fuck". STRUNK added "And they fuck..it was two highway patrol men, bro'. And they fucking found that shit and they said look…They said this car isn't in your name and fucking…that was fucking…I was ready to go to jail for fucking… A God damn quarter pound of dope. They said they don't have any drug test kigs, only nine vehicles in the state have drug test kits and they fucking let us go bro". CLARK added "Cause the vehicle's in my name. I'm gonna get up. I gotta get..I gotta uh…I gotta uh..I got to figure out what to do. CLARK continued, "They didn't look at either… well, they didn't look at your phone?" STRUNK replied, "No. My phone was sitting in the fucking car, on the fucking passenger's seat. They didn't fuck with it period. 'Cause the way she had this hid up in here was all the way up in the fucking… the dash and shit. Man, they fucking tore the fucking whole inside on the, on the passenger side up." The conversation continues and STRUNK stated "I would probably keep your shit somewhere else. CLARK stated "Yeah, I know". The conversation ended at approximately 3:26 p.m.

16. On July 12, 2017, at approximately 2:57 p.m., reference call session 5597, TYSON texts STRUNK "U need to put car on a lift n make damn sure there isn't a tracking device on that car".

17. On July 12, 2017, at approximately 2:57 p.m., reference call session 5598, TYSON sent an additional text "I'm not playing do this NOW MY ATTORNEY SAID TOO". Your affiant believes that TYSON believes that there was a tracking device on the vehicle that STRUNK and TYSON were stopped in on July 12, 2017 by the Oklahoma Highway Patrol.

18. On July 15, 2017, the Title III was terminated on STRUNK.

19. Based on the foregoing, the Affiant respectfully submits that there is probable cause to believe that Kody Bill Clark, born XX/XX/1983, Social Security Account Number XXX-XX-0988; Daniel Wayne Strunk, born XX/XX/1973, Social Security Account Number XXX-XX-

3

7588, and Stephanie Renee Tyson, born XX/XX/1986, Social Security Account Number XXX-XX-0189, are in violation of Title 21 United States Code, Sections 841(a)(1) and 841(b)(1)(B)(viii), and Title 18 United States Code, Section 2(a): Possess with Intent to Distribute Methamphetamine, Aiding and Abetting.

                                                                    Whitney Woodruff – Affiant
                                                                    Special Agent
                                                                    Bureau of Indian Affairs
                                                                    Tulsa, Oklahoma

Subscribed and sworn to before me this 17th day of August, 2017.

_____
Paul J. Cleary
United States Magistrate Judge